**UNITED STATES of America, Plaintiff,**

v.

**Edward F. McDONOUGH, Jr., and
Marion R. McDonough,
Defendants.**

No. 93–CR–162.

United States District Court,
N.D. New York.

Feb. 25, 1994.

## ORDER

McAVOY, Chief Judge.

Currently before the court is an application by the defendants to interview Mrs. Pauline Polito, the alternate juror in the above-captioned matter, concerning publicity surrounding the trial and any discussions among the jurors concerning such publicity. There is a judicial reluctance to inquire into the state of mind of any juror and into the conduct of the jurors during their deliberations. This is to avoid harassment of jurors, inhibition of deliberation in the jury room, a deluge of post-verdict applications mostly without real merit, and an increase in opportunities for jury tampering; it is also to prevent jury verdicts from being made more uncertain. *United States v. Crosby*, 294 F.2d 928, 950 (2nd Cir.1961), *cert denied*, 368 U.S. 984, 82 S.Ct. 599, 7 L.Ed.2d 523 (1962).

To overcome this reluctance and to authorize a post verdict inquiry, there must be "clear evidence", "strong evidence", "clear and uncontrovertible evidence", "substantial if not wholly conclusive evidence." *United States v. Dioguardi*, 492 F.2d 70, 79 (2d Cir.1974); *King v. United States*, 576 F.2d 432, 438 (2d Cir.1978).

Applying this principle to the facts presented here, it is clear that the defendants have submitted insufficient evidence to warrant such an intrusion. Accordingly, the de-

fendants' request to interview Mrs. Pauline Polito is denied.

**IT IS SO ORDERED**